UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL L. PATTERSON, | ) | CASE NO. 1:10 CV 2868 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ORIANA HOUSE, INC., *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Mitchell L. Patterson filed this *Bivens*[1] action against Oriana House, Inc.,

Oriana House Case Manager Carrie Hetsler, and Oriana House Program Director Raven Lugo.  In

the Complaint, Mr. Patterson alleges he was falsely accused of violating the terms of his conditional

release.  He seeks monetary damages.  Mr. Patterson also filed an Application to Proceed *In Forma*

*Pauperis*.  That Application is granted.

**Background**

Mr. Patterson was convicted in the United States District Court for the Northern District of

Ohio on charges of making false statements in acquisition of a firearm, aiding and abetting, and mail

---

[1]     *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).  While Plaintiff cites 42 U.S.C. § 1983, that section is applicable only to actions performed under color of state law.  Plaintiff is on supervised release from a federal sentence.

fraud.  *See United States v. Patterson*, Case No. 1:05 cr 525 (N.D. Ohio filed Oct. 26, 2005)(Wells, J.); *United States v. Patterson*, Case No. 1:07 cr 208 (N.D. Ohio filed April 11, 2007)(Wells, J.). He was sentenced on July 12, 2007 to a term of fifty-one months in prison followed by three years of supervised release.  As a condition of release, he was ordered to participate in a 500 hour residential drug and alcohol treatment program.  After serving a portion of his federal sentence, Mr. Patterson was released to the Oriana House residential substance abuse treatment facility.  He indicates he was told his federal sentence would be reduced if he successfully completed the program.

Mr. Patterson's participation in the program was interrupted when he failed a test for alcohol use on October 6, 2009.  On the occasion in question, he returned to the facility from work a few minutes late and was tested for alcohol use.  He claims the Alco-sensor machine was not working on that day, so a less reliable hand-held device was used to administer the test.  He states the employee operating the device was inexperienced with its operation.  The first test showed a Blood alcohol level of .04.  The test administered fifteen minutes later revealed a blood alcohol level of .021.  He declared he had not been drinking, but conceded he had ingested cough syrup earlier in the day.  His request for a urine test was denied.  Mr. Patterson was found guilty of the violation on November 18, 2009 and was returned to prison.  He filed an appeal to the Bureau of Prisons ("BOP") Regional Director on November 20, 2009, and on August 5, 2010 the Regional Director reversed the conduct violation.  The time he earned toward his sentence reduction prior to the charges was credited back to him.  He asserts, however, that the BOP's delay in issuing its decision on his appeal denied him due process.

Mr. Patterson returned to Oriana House to complete his treatment on November 3, 2010.  He

was assigned to the supervision of Case Manager Carrie Hetsler.  He contends Ms. Hetsler told him

he likely would not succeed in the program.  He indicates that after this meeting, he received a

number of conduct reports from her.[2]  He notified Program Director Raven Lugo of his difficulties

with Ms. Hetsler but did not receive the response he desired.

Mr. Patterson received a second major conduct report on November 22, 2010.  A desktop

supervisor reported that Mr. Patterson utilized a computer lab computer between 11:30 a.m. and

12:30 p.m. to access sexually oriented web sites pertaining to minors.  Although he provided staff

with the names of three witnesses who could testify that he was not in the lab during the time the

sites were accessed, he was charged with a conduct violation.  He states he sought assistance from

Ms. Hetsler and Ms. Lugo, but they did not intervene.  He claims Ms. Hetsler instead referred to him

as a pervert.  This verbal exchange was overheard by other residents of the facility who thereafter

considered him to be a sexual offender.   The charges eventually were withdrawn after an

investigation substantiated Mr. Patterson's claim that he was not in lab when the sites were accessed.

He contends the investigation should have been conducted prior to bringing the charges.  He asserts

claims against Ms. Hetsler and Ms. Lugo for defamation of character and discrimination.

In addition, Mr. Patterson asserts general causes of action against the Defendants.  He brings

claims against Carrie Hetsler and Raven Lugo for harassment and slander.  He states Oriana House

failed to adhere to BOP policies for federal inmates, and failed to disclose to him changes in his

sentence and release dates.  He asserts violations of the Eighth Amendment, Fifth Amendment and

Equal Protection Clause of the Fourteenth Amendment.

---

[2]        Mr. Patterson attaches one of the incident reports.  The report indicates he asked permission to visit his storage locker.  Permission was denied.  Mr. Patterson went to the storage facility anyway.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

**A.  Oriana House**

As an initial matter, Oriana House is not subject to suit in a *Bivens* action.  Oriana House is a private, independent, nonprofit corporation.  *See State ex rel. Oriana House, Inc. v. Montgomery*, 110 Ohio St.3d 456 (2006)(finding Oriana House to be a private non-profit corporation, not a governmental entity).  It is not a public office or a public institution.  *Id.*; *see State ex rel. Carrion v. Nunez*, No. 91910, 2009 WL 1965285, at *3 (Ohio App. 8 Dist. July 7, 2009)(finding Oriana House and its employees are not public entities subject to mandamus); *Weber v. Oriana House, Inc.*, No. 17162, 1995 WL 623068, at *5 (Ohio App. 9 Dist. Oct. 25, 1995)(stating Oriana House was not entitled to sovereign immunity because it was not a governmental entity or political subdivision). A private corporation cannot be sued for damages under *Bivens*. *Correctional*

---

[3]        An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001).  *Bivens* provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Id.* at 70.  A *Bivens* action therefore cannot be brought against a federal prison, the Bureau of Prisons, or the United States Government.  *Id.*  The Supreme Court declined to expand *Bivens* to provide this cause of action against a private corporation.

## B.  <u>Eighth Amendment</u>

While Mr. Patterson may have been serving a portion of his federal sentence when he was at Oriana  House, it is not clear that Eighth Amendment protections would apply to his stay in a residential substance abuse treatment center.

However, even if the Eighth Amendment was deemed to protect conditions of confinement in Oriana House, Mr. Patterson has not alleged the Defendants engaged in behavior of a constitutional magnitude.  An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996).  In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or irritation.  *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).  Mr. Patterson alleges the Defendants did not thoroughly investigate his actions before accusing him of conduct violations.  This type of conduct is not sufficient to state an Eighth Amendment claim.  *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987).

## C. **Fifth Amendment**

Mr. Patterson also generally alleges the Defendants violated his Fifth Amendment rights. He does not explain the nature of this claim.  To the extent he was attempting to assert a denial of due process, his claim is without merit.  False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the inmate was provided with a fair hearing process. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *see also Jackson v. Madery*, Nos. 04-1805, 04-1871, 2005 WL 3077136 (6th Cir. May 30, 2006); *Jackson v. Hamlin*, No. 02-2040, 2003 WL 1194246, at *2 (6th Cir. Mar. 11, 2003); *Munson v. Burson*, No. 98-2075, 2000 WL 377038 at *3 (6th Cir. April 7, 2000).  Mr. Patterson was provided with a hearing on the alcohol use charges.  He was initially found guilty of the charge, but the Regional Director reversed the finding on appeal. He has not stated a claim for denial of due process against Ms. Hetsler or Ms. Lugo.

Mr. Patterson contends the BOP denied him due process by delaying its decision on his appeal.  As an initial matter, the BOP is not a Defendant in this case.  Moreover, if the BOP were named in the action, it would not be a proper defendant in a *Bivens* action.  A  federal prisoner can not bring a *Bivens* action against the Bureau of Prisons.  *Malesko*, 534 U.S. 61, 70-74; *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994);  *Okoro v. Scibana*, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003).

To the extent Mr. Patterson was attempting to assert some other claim under the Fifth Amendment, he failed to do so.  Principles requiring generous construction of *pro se* pleadings are not without limits.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A Complaint must contain either direct or

inferential allegations respecting all the material elements of some viable legal theory to satisfy

federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434,

437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely

presented to them.  *Beaudett*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore

exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court

from its legitimate advisory role to the improper role of an advocate seeking out the strongest

arguments and most successful strategies for a party."  *Id.* at 1278.  Moreover, failing to identify a

particular legal theory places an unfair burden on the Defendants to speculate on the potential claims

that Mr. Patterson may be raising against them and the defenses they might assert in response to

each of these possible causes of action.  *See Wells v. Brown*, 891 F.2d at 594.  Even liberally

construed, the Complaint does not sufficiently state a claim under Fifth Amendment.

## D.  Equal Protection

Finally, Mr. Patterson asserts a claim for denial of equal protection.  To state an equal

protection claim under § 1983, a Plaintiff must allege he was treated differently from a similarly

situated group and that the Defendants acted with an intent or purpose to discriminate against him

based upon his membership in a protected class.  *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir.

2000).  Discriminatory purpose implies more than awareness of consequences.  *Personnel Admin.*

*of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).  The Defendants must select a particular course of

action at least in part "because of," not merely "in spite of " its adverse effects upon an identifiable

group.  *Id.*  Mr. Patterson does not explain how he was treated differently from another group of

individuals in the same situation, nor does he allege the Defendants engaged in that conduct with

the purpose of discriminating against him because of his membership in a particular protected class.

This claim is set forth solely as a legal conclusion.  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the Plaintiff to provide detailed factual allegations, but it does demand more than legal conclusions or a simple recitation of the elements of a cause of action.  *Id.*  Mr. Patterson's equal protection claim fails to satisfy the pleading standard of Rule 8.

### E.  State Law Claims

Mr. Patterson's remaining claims arise, if at all under state tort law.  Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  The Court, however, may exercise discretion in hearing state law matters.  *Id.* at 726.  In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.  *Id.*  Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

### Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that an appeal from this decision could not be taken in good faith.[4]

     IT IS SO ORDERED.

                            /s/SOLOMON OLIVER, JR.
                            CHIEF JUDGE
                            UNITED STATES DISTRICT COURT

Dated: April 29, 2011

---

[4]     28 U.S.C. § 1915(a)(3) provides:

     An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.